# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Deidre Sherell Jackson,                                  File No. 20-cv-749 (ECT/TNL)

        Plaintiff,

v.                                                       **OPINION AND ORDER**

Minnesota Department of Human Services,

        Defendant.

---

Deidre Sherell Jackson, *pro se*.

Julianna F. Passe, Minnesota Attorney General's Office, Division of the Solicitor General, St. Paul, MN, for Defendant Minnesota Department of Human Services.

---

Pro se Plaintiff Deidre Sherell Jackson filed this lawsuit in federal court against her employer, Defendant Minnesota Department of Human Services ("DHS"), alleging that DHS discriminated and retaliated against her on the basis of her race and color in violation of Title VII, 42 U.S.C. §§ 2000e, *et seq*. Compl. at 1–5 [ECF No. 4-1]. DHS moved to dismiss Jackson's Complaint for insufficient service of process and failure to state a claim. Mot. to Dismiss at 1 [ECF No. 13]; Mem. in Supp. at 1, 6–10 [ECF No. 16]. DHS moved, in the alternative, for a more definite statement on the grounds that it is unclear whether allegations Jackson included in an earlier, unsigned complaint were meant to be part of the signed, operative Complaint, and because those allegations are not set forth in numbered paragraphs, complicating DHS's task of responding to them. Mot. to Dismiss at 1; Mem.

in Supp. at 10–11.  Separately, DHS moved to strike Jackson's second response to its motion to dismiss.  ECF Nos. 28, 30.  Jackson has not served process in a sufficient way, and she will be given 14 days in which to do so.  If Jackson opts to serve process, the complaint she serves must provide a more definite statement of her claims.  A failure to comply with these orders may lead to the dismissal of this case.  In all other respects, DHS's motions will be denied.

I

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."  *Id.*  "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant," *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (citation omitted), even if the defendant "had actual notice of the lawsuit," *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996) (citing *Printed Media Servs.*, 11 F.3d at 843).  "In reviewing a motion to dismiss for insufficient service, the Court is required to consider matters outside the pleadings, including affidavits of service."  *Rimmer v. John Doe, Inc.*, No. 13-cv-548 (JNE/JJG), 2013 WL 5655865, at *2 (D. Minn. Oct. 16, 2013) (citing *Devin v. Schwan's Home Servs., Inc.*, No. 04-cv-4555 (RHK/AJB), 2005 WL 1323919, at *2 (D. Minn. May 20, 2005)).  Considering such evidence does not convert the motion into one for summary judgment under Rule 56.  *Id.*; *Devin*, 2005 WL 1323919, at *2.  To survive a motion to

2

dismiss for insufficient service, "the plaintiff must establish prima facie evidence that there was sufficient . . . service of process." *Hahn v. Bauer*, No. 09-cv-2220 (JNE/JJK), 2010 WL 396228, at *6 (D. Minn. Jan. 27, 2010) (citing *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas*, 51 F.3d 1383, 1387 (8th Cir. 1995)). "A prima facie case is '[t]he establishment of a legally required rebuttable presumption' or where '[a] party's production of enough evidence [allows] the fact-trier to infer the fact at issue and rule in the party's favor.'" *Devin*, 2005 WL 1323919, at *3 (quoting Black's Law Dictionary 1228 (8th ed. 2004)).

Under the Federal Rules of Civil Procedure, a plaintiff may serve a defendant "pursuant to the law of the State in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." Fed. R. Civ. P. 4(e)(1). Jackson served the summons in this case on DHS by email to the Minnesota Attorney General's Office. Mem. in Supp. at 5; Passe Decl. ¶ 3 [ECF No. 17]. DHS does not argue that Jackson used an improper method of service—it notes that, due to the ongoing COVID-19 pandemic, the Minnesota Attorney General's Office currently accepts service of process by email. Mem. in Supp. at 5 n.4. Rather, DHS argues that service was ineffective because it was never served with a copy of Jackson's Complaint. *Id.* at 5. Under both the Minnesota Rules of Civil Procedure and the Federal Rules, a plaintiff is required to serve the summons "*with a copy of the complaint*." Fed. R. Civ. P. 4(c) (emphasis added); Minn. R. Civ. P. 3.02 ("A copy of the complaint *shall* be served with the summons, except when the service is by publication . . . ." (emphasis added)). DHS submitted evidence showing that while Jackson

3

served the summons by email, she did not include a copy of any version of the Complaint. Passe Decl. Ex. B. [ECF No. 17-2]. In her Response to the motion to dismiss, Jackson stated only that she "filed all documents for service of process as required," and that DHS's "claim of insufficient service of process is unfounded." Resp. at 1 [ECF No. 21]. But, Jackson did not provide any evidence to rebut DHS's evidence that it was only served with the summons, not the Complaint. DHS further states—and Jackson does not argue otherwise—that it did not waive service of process. Mem. in Supp. at 6. Jackson has therefore not met her burden of establishing prima facie evidence that service of process was sufficient in this case. *Hahn*, 2010 WL 396228, at *6.

More than ninety days have passed since Jackson filed this suit and service of process on DHS has not been completed in accordance with the Federal Rules. Accordingly, this action must either be dismissed without prejudice or Jackson must be ordered to complete service within a specified time. Fed. R. Civ. P. 4(m). "Whether to dismiss an action for untimely service or to provide an extension of time to perfect service is within the court's discretion." *Ziegler v. U.S. Dep't of Transp.*, No. 16-cv-3824, 2018 WL 5067374, at *2 (D. Minn. Sept. 18, 2018) (citing *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)), *report and recommendation adopted*, 2018 WL 5045774 (D. Minn. Oct. 17, 2018). Several considerations weigh against extending the time for service to be completed. Namely, Jackson has been on notice of the deficiency in her attempted service for over sixty days and has, evidently, made no attempt to serve DHS with a copy of the Complaint. This fact is more troublesome under the circumstances, because service could be accomplished with relatively little effort or cost by emailing a

copy of the Complaint to the Minnesota Attorney General's Office—a method DHS has admitted would be sufficient in this case (due to the COVID-19 pandemic), and which Jackson undisputedly used to serve the summons. Jackson's pro se status does not excuse her from the requirement of effecting proper service of process on DHS. *See Hinz v. Wash. Mut. Home Loans*, No. 03-cv-3203, 2004 WL 729239, at *2 (D. Minn. Apr. 2, 2004). Nonetheless, rather than further delay resolution of Jackson's claims by dismissing this action without prejudice—which would permit her to refile her Complaint but only at significant additional expense to her—Jackson will be given 14 days from the date of this Order to serve an amended complaint on DHS. Any amended complaint Jackson serves must provide a more definite statement of her claims, as discussed next.

## II

Under Rule 12(e): "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id.* "Because of the liberal notice-pleading standard governing federal pleadings 'and the availability of extensive discovery, Rule 12(e) motions are disfavored.'" *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 901 (D. Minn. 2013) (quoting *Radisson Hotels Int'l, Inc. v. Westin Hotel Co.*, 931 F. Supp. 638, 644 (D. Minn. 1996)). "Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail." *Radisson Hotels Int'l*, 931 F. Supp. at 644 (internal quotation marks omitted). "However, if a defendant cannot determine from the complaint what the issues are to which

5

it must respond, or if the complaint is ambiguous or omits important information so that it cannot be answered, a motion for a more definite statement is proper." *Mack v. Equifax Info. Servs. LLC*, No. 20-cv-0557 (PJS/KMM), 2020 WL 3052091, at *2 (D. Minn. May 11, 2020) (citations omitted), *report and recommendation adopted*, 2020 WL 3048017 (D. Minn. June 8, 2020).

DHS's motion for a more definite statement is proper and will be granted.  DHS did not file an answer before moving for a definite statement, and its motion "point[s] out the defects complained of and the details desired."  Fed. R. Civ. P. 12(e).  Specifically, DHS states that the "Complaint is vague in a way that precludes responsive pleading in two ways: (1) it is unclear whether the three pages of allegations that are attached to the unsigned, ineffective Complaint are part of [Jackson's] Complaint; and (2) . . . those pages do not contain numbered paragraphs."  Mem. in Supp. at 10–11.  DHS does not seek *additional* details in its motion—it seeks to understand which, if any, of the factual allegations referenced but not included in the Complaint are actually part of Jackson's Complaint, and it requests that those allegations be set forth in numbered paragraphs so that it may appropriately respond to them.  This is a reasonable request.  In its current state, Jackson's Complaint "is ambiguous [and] omits important information."  *Mack*, 2020 WL 3052091, at *2.  Accordingly, DHS's motion for a definite statement will be granted and Jackson will be required to amend her Complaint in addition to being required to serve it on DHS within the specified time.

## ORDER

Based upon all the files, records, and proceedings in this case, **IT IS ORDERED THAT:**

1.    Defendant's Motion to Dismiss or in the Alternative for a More Definite Statement [ECF No. 13] is **GRANTED IN PART AND DENIED IN PART**;

2.    Within **14 DAYS** of the date of this Order, Plaintiff must file with the Court and serve on Defendant an Amended Complaint that includes all of the factual allegations Plaintiff intends to make in separately numbered paragraphs; and

3.    Defendant's Motion to Strike [ECF No. 28] is **DENIED**.

Dated:  August 7, 2020                                      s/ Eric C. Tostrud
                                                           Eric C. Tostrud
                                                           United States District Court