UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Deidre Sherell Jackson,                                File No. 20-cv-749 (ECT/TNL)

    Plaintiff,

v.                                                     **OPINION AND ORDER**

Minnesota Department of Human Services,

    Defendant.

---

Deidre Sherell Jackson, *pro se*.

Julianna F. Passe, Minnesota Attorney General's Office, Division of the Solicitor General, St. Paul, MN, for Defendant Minnesota Department of Human Services.

---

Pro se Plaintiff Deidre Sherell Jackson filed this lawsuit in federal court against her employer, Defendant Minnesota Department of Human Services ("DHS"), alleging that DHS discriminated and retaliated against her in violation of Title VII, 42 U.S.C. §§ 2000e, *et seq*. Compl. at 1–5 [ECF No. 4-1]. Jackson initially served DHS with a copy of the Summons, but no copy of the Complaint. First Passe Decl., Ex. B [ECF No. 17-2]. That service was ineffective because, under both the Minnesota Rules of Civil Procedure and the Federal Rules, a plaintiff is required to serve the summons "with a copy of the complaint." Fed. R. Civ. P. 4(c)(1); *see* Minn. R. Civ. P. 3.02. After DHS moved to dismiss for insufficient service of process, Jackson was given 14 days to properly serve an

amended complaint on DHS. Order at 4–5, 7 [ECF No. 33].[1] She was also warned that a failure to comply "may lead to the dismissal of this case." *Id.* at 2.

On the last day of the 14-day period, Jackson sent an email to an address that the Minnesota Attorney General's Office has set up to accept electronic service during the COVID-19 pandemic. Second Passe Decl. ¶ 2, Ex. 1 [ECF No. 42-1]. The email, to which Jackson attached a copy of her Amended Complaint, appeared to come from Jackson's personal email address, and she signed the message with her name. *Id.*; *see* Am. Compl. [ECF No. 34].

DHS has now moved to dismiss the Amended Complaint for insufficient service of process. ECF No. 38. DHS argues that service was ineffective this time because Jackson attempted to serve the Amended Complaint herself, rather than through a third party. Def.'s Mem. in Supp. at 4–5 [ECF No. 41].[2] And, DHS says, the Amended Complaint should be dismissed without prejudice because there is no good cause to give Jackson another chance to serve it. *Id.* at 5–7. In her response brief, Jackson argues without elaboration that service was proper. Pl.'s Mem. in Opp'n at 1 [ECF No. 45]. In an unauthorized surreply, she claims to have assumed that service by a party was permitted

---

[1] Amendments to the Complaint were required for reasons unrelated to the sufficiency of service. Order at 5–6.

[2] DHS also argues that some of Jackson's claims are time-barred and that they must be dismissed to the extent they seek relief against the State of Minnesota. Def.'s Mem. in Supp. at 7–10. Because Jackson will be given additional time to properly serve DHS, it is unnecessary to address these arguments at this time.

because the Attorney General was accepting service by email.  Pl.'s Surreply Mem. at 1 [ECF No. 50].

A plaintiff may generally serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  Under both the Minnesota Rules of Civil Procedure and the Federal Rules, "[a]ny person who is at least 18 years old *and not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2); *see* Minn. R. Civ. P. 4.02.  A party, in other words, may not effect service.  This rule applies even when a party tries to complete service through some medium other than personal service, like mail or email.  *See Davis v. First S. Baptist Church*, No. SACV 19-93 JVS (KESx), 2019 WL 3035118, at *4 (C.D. Cal. May 13, 2019) (email); *see also Regis v. Devi*, No. 12-cv-1673 (MJD/JJK), 2013 WL 2436888, at *3 (D. Minn. June 4, 2013) (adopting report and recommendation) (mail); 4A Adam N. Steinman, *Federal Practice and Procedure* § 1089.1 n.8 (4th ed. Oct. 2020 Update).  Because Jackson attempted to serve the Amended Complaint on DHS herself, that service was ineffective.

More than ninety days have passed since Jackson filed this suit and service of process on DHS has not been completed in accordance with the Federal Rules. Accordingly, this action must either be dismissed without prejudice or Jackson must be ordered to complete service within a specified time.  Fed. R. Civ. P. 4(m).  "Whether to dismiss an action for untimely service or to provide an extension of time to perfect service is within the court's discretion."  *Ziegler v. U.S. Dep't of Transp.*, No. 16-cv-3824 (JNE/SER), 2018 WL 5067374, at *2 (D. Minn. Sept. 18, 2018) (citing *Adams v.*

*AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)), *report and recommendation adopted*, 2018 WL 5045774 (D. Minn. Oct. 17, 2018). Two significant factors weigh in favor of dismissal. First, it appears that Jackson understands the relevant rule; when she first attempted service, she had a third party email a copy of the summons to the Attorney General's office. First Passe Decl., Ex. B. This undermines Jackson's argument that she assumed she could serve DHS herself. Second, Jackson has already been given one extension of time to complete service, and she was warned that a failure to comply with the prior order could result in dismissal of the case. Order at 2, 5. But Jackson did attempt service during the time period allowed (albeit on the last day), and dismissing the Amended Complaint without prejudice under these circumstances would only create unnecessary delay and expense. So, in the interest of efficiently resolving Jackson's claims, *see* Fed. R. Civ. P. 1, she will be given seven days from the date of this Order to properly serve the Amended Complaint on DHS. Failure to do so will result in dismissal of the case without prejudice.

## ORDER

Based upon all the files, records, and proceedings in this case, **IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss Amended Complaint [ECF No. 38] is **DENIED** without prejudice.

2. Within **7 DAYS** of the date of this Order, Plaintiff must properly serve on Defendant a copy of the Amended Complaint [ECF No. 34].

Dated: November 3, 2020            s/ Eric C. Tostrud
                                   Eric C. Tostrud
                                   United States District Court