UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Deidre Sherell Jackson, | No. 20-cv-749 (KMM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Minnesota Department of Human Services, | |
| Defendant. | |

This matter is before the Court on the Minnesota Department of Human Services' ("DHS") October 27, 2022 letter requesting permission to file a motion for reconsideration of the summary judgment decision. [ECF No. 156].

Local Rule 7.1(j) prohibits filing a motion to reconsider without leave of court. A party may receive permission to file a motion to reconsider only by showing "compelling circumstances." D. Minn. LR 7.1(j). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotations omitted). "[G]ranting permission to file a motion to reconsider is appropriate when necessary to afford a party an opportunity for relief in extraordinary circumstances." *United States v. Mustafa*, Crim. No. 14-261(5) (JRT/BRT), 2021 WL 925561 (D. Minn. Mar. 5, 2021).

1

DHS does not point to any newly discovered evidence. Though not stated explicitly, DHS appears to argue that compelling circumstances exist because the Court's summary judgment Order [ECF No. 153] contains manifest errors of fact. Specifically, DHS points to this Court's conclusion that a reasonable jury could believe that DHS's proffered non-discriminatory reasons for its decision not to promote Ms. Jackson were pretextual, especially in light of the evidence concerning arguably more serious disciplinary history and personnel concerns with the non-minority comparator who was offered the promotion. Viewing the emails [ECF Nos. 124-24, 124-28], declarations [ECF Nos. 120, 122, 123], and deposition testimony [ECF No. 124-1] in the light most favorable to Ms. Jackson, the non-movant, the Court finds that DHS has not identified any manifest error of fact in the summary judgment Order. Instead, DHS essentially identifies disagreements with the Court's evaluation of the summary judgment record, which the Court finds are not compelling circumstances justifying a motion for reconsideration.

Further, DHS does not explicitly argue that a motion to reconsider is needed to correct a manifest error of law. However, DHS does argue that because the comparator who ultimately received the promotion had not yet been interviewed at the time the decision was made not to offer the position to Ms. Jackson, the employment decision regarding Ms. Jackson "was not based on discriminatory animus." [ECF No. 156 at 2]. DHS raised this argument in support of the motion for summary judgment. [ECF

No. 118 at 16]. Then, as now, DHS provided no citation to authority showing that the Court's analysis constituted legal error. *Niazi Licensing Corp. v. Bos. Sci. Corp.*, No. 17-CV-5094 (WMW/BRT), 2019 WL 6827588, at *1 (D. Minn. Dec. 13, 2019) ("A motion for reconsideration cannot be employed to repeat arguments previously made[.]").

The Court has carefully considered the evidence cited and argument presented in DHS's letter, just as it did when it issued its summary judgment decision, and finds that this is not an extraordinary circumstance in which granting permission to file a motion for reconsideration is appropriate. Accordingly, DHS's letter request [ECF No. 156] is **DENIED**.

Date: November 1, 2022

    *s/Katherine Menendez*
Katherine Menendez
United States District Judge