UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Deidre Sherell Jackson,                                          No. 20-cv-749 (KMM/TNL)

      Plaintiff,

v.                                                                              **ORDER**

Minnesota Department of Human Services,

      Defendant.

---

On July 31, 2024, this Court entered its Findings of Fact and Conclusions of Law following a bench trial, and the Clerk of Court entered Judgment. On August 29, 2024, Plaintiff Deidre Sherell Jackson filed a notice of appeal to the Eighth Circuit Court of Appeals. This matter is before the Court on Plaintiff Deidre Sherell Jackson's Application to Proceed In Forma Pauperis ("IFP") on Appeal, asserting that she is financially unable to pay the appellate filing fee. ECF 221. For the reasons that follow, the Court denies Plaintiff's appellate IFP application.

The current filing fee for docketing a case on appeal is $605. Court of Appeals Miscellaneous Fee Schedule, https://www.uscourts.gov/services-forms/fees/court-appeals-miscellaneous-fee-schedule; 28 U.S.C. § 1913 (appellate filing fees set by the Judicial Conference of the United States); *id.* § 1917 (requiring a $5 fee for filing notice of appeal). Under 28 U.S.C. § 1915(a)(1), a court can authorize commencement of an appeal without prepayment of a filing fee by a person who submits an affidavit showing that she is unable to pay such fees. *See also* Fed. R. App. P. 24(a)(1) (requiring a party seeking to appeal IFP

1

to file a motion in the district court). However, the IFP statute "does not itself define what constitutes insufficient assets." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). A person need not "be absolutely destitute to enjoy the benefit of the [IFP] statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). "An affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs of the action and still be able to provide' himself and dependents 'with the necessities of life.'" *Westley v. Hennepin Cnty.-4TH Dist. Ct.*, No. 0:17-CV-00103, 2017 WL 5957732, at *4 (D. Minn. May 2, 2017) (quoting *Adkins*, 335 U.S. at 339) (cleaned up).

In support of her appellate IFP application, Ms. Jackson states that her gross monthly pay for the past 12 months is $4,800.00, identifies her assets, and itemizes her typical monthly expenses. The Court recognizes that Plaintiff's income is limited and that her expenses are significant. However, her income considerably exceeds the federal poverty level for a lone individual living in Minnesota. Given the information provided in Ms. Jackson's appellate IFP application, the Court cannot conclude that she is unable to pay the appellate filing fee without foregoing the necessary incidents of normal life.[1]

Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the district clerk will notify the parties and the Eight Circuit Court of Appeals when the district court denies a motion to proceed on appeal in forma pauperis. Within 30 days after service of the notice

---

[1] The Court denied Ms. Jackson's application to proceed IFP before the District Court for these same reasons. ECF 3.

required by Rule 24(a)(4), a party may file a motion to proceed on appeal in forma pauperis

in the court of appeals. Fed. R. App. P. 24(a)(5).

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT**

**IS HEREBY ORDERED THAT** Plaintiff's Application to Proceed IFP on Appeal (ECF

221) is **DENIED**.

Date: September 3, 2024                              *s/Katherine Menendez*
                                                    Katherine Menendez
                                                    United States District Judge